No. 26,211.

GLADYS GALVIN, a Minor, by JAMES GALVIN, Her Next Friend, *Appellee*, v. JAMES STANTON, and ESTELLE STANTON, as Administratrix, etc., *Appellants*.

#### SYLLABUS BY THE COURT.

HIGHWAYS—*Injuries From Defects—Failure to Post Notice—Negligence*. In an action to recover damages for personal injuries caused by the overturning of an automobile on a road in process of construction, the proceedings considered, and *held*, that failure to post notices required by R. S. 68-121 was sufficient to justify a finding of negligence.

Appeal from Leavenworth district court; JAMES H. WENDORFF, judge. Opinion filed March 6, 1926. Affirmed.

*A. E. Dempsey*, of Leavenworth, *E. S. McAnany, M. L. Alden, T. M. Van Cleave*, all of Kansas City, and *Frank L. Barry*, of Kansas City, Mo., for the appellants.

*Arthur M. Jackson*, of Leavenworth, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to recover damages for personal injuries. Plaintiff prevailed, and defendants appeal.

The plaintiff, a minor, seventeen years of age, was injured in a motor car accident between 8:30 and 9 o'clock the evening of Monday, September 17, 1923, on the Victory highway between Basehor and Tonganoxie. She and her sister were guests in a car owned and driven by George Klinkenberg. While going west and down grade, the car skidded and turned over. Plaintiff suffered a broken leg and other injuries. The defendants who were contractors, had completed the construction of the concrete slab or driving surface of the road which had been opened for travel but a short time. On Saturday preceding the accident, they were engaged in shouldering up the road with dirt. Rain had fallen Saturday, Sunday and Monday preceding the accident. There was evidence that there was considerable mud on the road—a kind of soapstone—which had fallen from the scrapers as they crossed the pavement in process of the shouldering; that this mud made the pavement very slippery; that two other cars slid off the pavement the same night. The plaintiff had traveled over the road at the place of the accident the preceding Satur-

Highways, 29 C. J. pp. 685 n. 39, 700 n. 47.

day morning, saw the defendants engaged in shouldering, and saw the condition of the road. She returned over the same road from Topeka, Saturday night. Plaintiff alleged, among other things, that defendants carelessly and negligently failed to notify the traveling public that the shouldering was being done, or that the wet, slick clay had been left on the surface; that they carelessly failed to give the traveling public notice or warning that it was then dangerous to travel over the hard surface. There was controverted evidence to sustain and rebut plaintiff's allegations.

The jury returned a general verdict for plaintiff for $3,500 and specially found defendants "Guilty of negligence for not posting legal signs of warning, according to state law, during the construction of the shoulders."

The defendants contend that this finding negatived any negligence on the part of the defendant, other than the failure to post signs of warning, and that, inasmuch as plaintiff had been over the road the Saturday morning preceding the injury, she saw and knew the condition of the road and that the posting of signs would have been without purpose. The statute requires:

"Each and every person, firm . . . who have entered into any contract to repair, build, rebuild, alter, construct or reconstruct any road . . . or to grade or regrade the same . . . where the work so undertaken requires the closing . . . or the rendering the same impassable or dangerous to travel, . . . to place at the intersection of all roads . . . leading thereto a warning sign in black letters at least four inches in height on a white background advising the public that said road . . . is impassable or dangerous." (R. S. 68-121.)

Considering all the facts and circumstances in connection with the requirements of the statute, we are not able to say that defendants were excused from posting the notices or that their noncompliance with such requirements was not sufficient to justify a finding of negligence.

The law recognizes the necessity of permitting the public to travel upon roads that are still in process of completion; that in completing a road it is necessary to do things that may make it, for the time being, dangerous for travel. In order to prevent the road being closed, it exempts the contractor from liability for its dangerous condition, if he posts the statutory notices so that persons may know the fact if they choose to travel thereon. Shouldering of the road, under all existing circumstances, was such as to make it dangerous to travel, and, in our opinion, required the posting of notices.

The condition of the road on Saturday was not conclusive as to its condition on Monday. Even though plaintiff knew the road was out of condition on Saturday, we think, she had a right to presume that it was in proper condition Monday night.

The judgment is affirmed.